Jill **LINDBERG, Plaintiff–Appellant,**

v.

**Larry G. MASSANARI,** * **Acting Commissioner of the Social Security Administration, Defendant–Appellee.**

No. 00–35484.

D.C. No. CV–99–745–BR.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 13, 2001 **.

Decided Oct. 2, 2001.

---

* Larry G. Massanari is substituted for his predecessor as Acting Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before THOMPSON, TASHIMA, and GRABER, Circuit Judges.

### MEMORANDUM***

Claimant Jill Lindberg challenges the denial of her application for disability insurance benefits and supplemental security income. We affirm.

A. *The ALJ erred in his assessment of Lindberg's "past relevant work" at step four, but went on to step five as an alternative basis for decision.*

At step four, the ALJ in this case found that Lindberg was able to perform "past relevant work," specifically as a cashier or real estate assistant. The district court correctly held that those jobs

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

did not generate enough income to qualify as past relevant work. But, because the ALJ continued to step five as an alternative basis for decision, the error at step four does not require reversal.

B. *The treating physician's testimony does not require a finding of disability.*

■ We assume that the ALJ improperly discounted the testimony of Lindberg's treating physician, Dr. Olson. Even if Dr. Olson's opinion is considered in determining Lindberg's impairment, substantial evidence supports the conclusion that Lindberg is not disabled. Dr. Olson determined only that Lindberg should be excused from a job training program for two months—well below the statutory 12–month durational requirement. Further, Dr. Olson's treatment records from the months following that opinion state that Lindberg was improving.

C. *The ALJ posed an appropriate hypothetical to the vocational expert.*

■ The ALJ posed an appropriate hypothetical to the vocational expert who testified at Lindberg's hearing. Such hypotheticals must reflect all the limitations and restrictions on a particular claimant that are supported by substantial evidence. *Embrey v. Bowen,* 849 F.2d 418, 422 (9th Cir.1988).

Here, the ALJ indicated on a Psychological Treatment Review Form ("PTRF") that Lindberg "often" suffered from "deficiencies in concentration, persistence, or pace." Although he did not use exactly those same words, the ALJ included this moderate limitation in his hypothetical to the vocational expert.

On appeal, Lindberg presented another vocational expert's opinion stating that such a limitation would be disabling. However, the limitation described in this

expert's opinion is not the same as the one described on the PTRF. In any case, this opinion is insufficient to render the balance of the evidence insubstantial.

D. *The ALJ appropriately discounted Lindberg's and her parents' testimony.*

■ The ALJ applied the appropriate legal standard in discounting both Lindberg's and her parents' testimony. The ALJ's reasons were "clear and convincing" and were supported by substantial evidence. *Dodrill v. Shalala,* 12 F.3d 915, 918 (9th Cir.1993). Specifically, the ALJ noted several material inconsistencies between Lindberg's testimony and other evidence in the record. The district court was correct that these reasons were also "germane" to discounting her parents' lay testimony. *Regennitter v. Comm'r of the Soc. Sec. Admin.,* 166 F.3d 1294, 1298 (9th Cir.1999).

E. *Lindberg's remaining arguments are without merit.*

Lindberg claims that the ALJ failed to consider her condition "longitudinally," that the ALJ did not consider her combined impairments, and that the ALJ did not consider a psychological basis for her pain. We disagree. The ALJ considered the entire record in rendering his decision. He reflected Lindberg's combined impairments in determining her residual functional capacity. He also specifically noted that Lindberg suffers from a somatoform disorder, i.e., that her pain has a psychological basis. Despite these impairments, the ALJ determined that Lindberg is able to perform light or sedentary work. Substantial evidence supports that conclusion.

AFFIRMED.